IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MENZIES AVIATION, INC., and<br>MENZIES AVIATION COLUMBIA,<br>S.A.S, <br><br>   *Plaintiffs*,<br><br>v.<br><br>ASTROPHYSICS, INC.,<br><br>   *Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | C.A. NO. 3:24-cv-00057-N |

**DEFENDANT ASTROPHYSICS, INC'S MOTION TO DISMISS
FOR LACK OF PERSONAL AND SUBJECT MATTER JURISDICTION**

Astrophysics, Inc. ("Astrophysics") files its motion to dismiss for (1) lack of personal jurisdiction pursuant to FED. R. CIV. P. 12(b)(2); and (2) lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1), and states:

**I. INTRODUCTION**

Plaintiffs Menzies Aviation, Inc. ("Menzies-US") and Menzies Aviation Colombia S.A.S. ("Menzies-Colombia") filed this suit against Astrophysics for breach of contract and "fraudulent inducement" in connection with Astrophysics' alleged failure to deliver conforming x-ray scanners (the "Machines"). Menzies-US is not a party to the contract for the Machines and is not diverse from Astrophysics, such that Menzies-US' party-plaintiff status destroys diversity between the only actually interested parties: Astrophysics and Menzies-Colombia. While Astrophysics and Menzies-Colombia are completely diverse, the dispute between them about the Machines has no connection

whatsoever to Texas. As explained below, Astrophysics is not subject to personal jurisdiction in Texas, and this Court lacks diversity jurisdiction over Menzies-US' claims against Astrophysics. For both reasons, this case should be dismissed.

## II. BACKGROUND FACTS[1]

### A. The Parties and the Purchase Order

Astrophysics is a Delaware corporation with its principal place of business in City of Industry, California. [Price Dec. ¶ 2; Doc. 1, ¶ 4; Exhibit 2 at 1.] It designs, assembles, and sells x-ray scanners and provides related installation and maintenance services to worldwide customers. Astrophysics does not systematically do business in Texas or maintain a business location in Texas. [Price Dec. ¶ 7.]

Based on a proposal Astrophysics issued to Menzies-Colombia, in August 2023, Menzies-Colombia submitted a Purchase Order for six x-ray Machines and related services to Astrophysics, including delivery to and installation and maintenance of the Machines at Aeropuerto Jose Maria Cordoba in Rionegro, Antioquia, Colombia (the "Purchase Order"). [Price Dec. ¶ 3, Exs. 1-3.] Astrophysics assembled the Machines at facilities located in California or Tijuana, Mexico to be shipped, upon completion, from California for delivery and installation as directed by Menzies-Colombia in the Purchase Order. [Price Dec. ¶ 3-4, Ex. 2-3.] When delivery and TSA-approval issues with the Machines arose, Astrophysics' communications regarding the Purchase Order, including fulfillment of same, were with representatives of Menzies-Colombia. [Price Dec. ¶ 5.]

---

[1] This motion is supported by the Declaration of John Price ("Price Dec."), attached as Exhibit 1, and records obtained from the Delaware Secretary of State, attached together as Exhibit 2.

While working with Menzies-Colombia to resolve their disputes over the Purchase Order, Astrophysics was served with this suit.

The Complaint was brought against Astrophysics by Menzies-Colombia and Menzies-US. [Doc. 1.] Menzies-US alleges it is "the United States parent" of Menzies-Colombia. [Doc. 1, ¶ 2.] Menzies-US is a Delaware corporation with its principal place of business in Dallas-Fort Worth, Texas. [Doc. 1, ¶ 3; Exhibit 2 at 2.]

**B.      The Lawsuit**

On January 8, 2024, Menzies-US and Menzies-Colombia sued Astrophysics over the Purchase Order. [Doc. 1, ¶ 19-24.] They allege the Machines did not comply with the Purchase Order (or Astrophysics' allegedly false representations that "induced" them to enter into the Purchase Order) and assert claims against Astrophysics for breach of contract and "fraudulent inducement." [Doc. 1, ¶ 34-43 (breach of contract), 44-53 (fraudulent inducement).]

In conclusory jurisdictional paragraphs, Menzies-US and Menzies-Colombia assert that: (1) subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332 because there is "complete diversity of citizenship;" and (2) the Court has personal jurisdiction over Astrophysics because "a substantial part of the underlying activities giving rise to the claims occurred in this district." [Doc. 1, ¶ 5, 7.] Neither of these allegations is correct as explained below.

### III.  GROUNDS FOR DISMISSAL

There is not complete diversity of citizenship because Menzies-US and Astrophysics are both citizens of Delaware. [Doc. 1, ¶ 3-4; Price Dec. ¶ 2; Exhibit 2.] Nor

does the Court have personal jurisdiction over Astrophysics for the reasons explained below. While ordinarily the Court should address its subject matter jurisdiction as an initial matter, when presented with both a Rule 12(b)(1) and Rule 12(b)(2) motion as Astrophysics brings here, the Court has discretion to "decide which to take up first." *Villar v. Crowley Mar. Corp.*, 780 F. Supp. 1467, 1474 (S.D. Tex. 1992), *aff'd*, 990 F.2d 1489 (5th Cir. 1993); *see also Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 213-14 (5th Cir. 2000) (citing *Ruhrgas AG v. Marathon Oil,* 526 U.S. 574 (1999) and directing district courts "facing multiple grounds for dismissal to consider the complexity of subject-matter jurisdiction issues raised by the case, as well as concerns of federalism, and of judicial economy and restraint in determining whether to dismiss claims due to a lack of personal jurisdiction before considering challenges to its subject-matter jurisdiction"). The Court should dismiss this case for lack of personal jurisdiction over Astrophysics.

## IV.   ARGUMENT AND AUTHORITIES

### A.   No Personal Jurisdiction over Astrophysics

A non-resident is subject to personal jurisdiction only when (1) the non-resident is subject to jurisdiction under the laws of the state in which the court sits; and (2) the exercise of jurisdiction over the defendant comports with the due process requirements of the United States Constitution. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472-74 (1985); *Pan da Brandywine Corp. v. Potomac Elec. Power Co.,* 253 F.3d 865, 867 (5th Cir. 2001) (per curiam); *see also Doe v. Compact Info. Sys.*, No. 3:13-cv-5013-M, 2014 WL 4801264 (N.D. Tex. Sept. 24, 2014). A defendant is amenable to personal

jurisdiction in a federal court sitting in diversity to the same extent as a state court in the same forum. *Pedelahore v. Astropark, Inc.,* 745 F.2d 346, 347 (5th Cir. 1984); *see also* FED. R. CIV. P. 4(e)(1), 4(h)(1). The Texas long-arm statute authorizes the exercise of personal jurisdiction to the extent allowed by the due process clause of the Fourteenth Amendment; therefore a defendant is subject to jurisdiction if the exercise of jurisdiction comports with federal due process. *Latshaw v. Johnston,* 167 F.3d 208, 211 (5th Cir. 1999); TEX. CIV. PRAC. & REM. CODE § 17.041 *et seq.* "Exercising personal jurisdiction over a nonresident defendant is compatible with due process when (1) that defendant has purposefully availed [itself] of the benefits and protections of the forum state by establishing minimum contacts with the forum state, and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Pan da Brandywine Corp.,* 253 F.3d at 867.

The "minimum contacts" prong of the analysis is satisfied when a defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253 (1958). The nonresident defendant's availment must be such that the defendant "should reasonably anticipate being haled into court" in the forum state. *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980). There are two types of minimum contacts: those giving rise to general jurisdiction and those giving rise to specific jurisdiction. *Clemens v. McNamee,* 615 F.3d 374, 378 (5th Cir. 2010).

General jurisdiction exists where the nonresident's contacts with the forum state are unrelated to the cause of action but are "continuous and systematic," such that the

nonresident is "at home" in the forum state. *Daimler AG v. Bauman*, 134 S.Ct. 746, 751 (2014); *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 (1984); *Alpine View Co. Ltd. v. Atlas Copso AB,* 205 F.3d 208, 215 (5th Cir. 2000). Specific jurisdiction is appropriate where the nonresident has purposefully directed its activities at the forum state and the "litigation results from alleged injuries that arise out of or relate to those activities." *Alpine View Co. Ltd.,* 205 F.3d at 215 (quoting *Burger King Corp.,* 471 U.S. at 472) (internal quotation marks omitted).

Menzies-US and Menzies-Colombia bear the burden of establishing personal jurisdiction. *WNS, Inc. v. Farrow,* 884 F.2d 200, 203 (5th Cir. 1989). While the Court must accept their uncontroverted factual allegations in the Complaint as true, it is not required "to credit conclusory allegations, even if uncontroverted." *Pan da Brandywine Corp.,* 253 F.3d at 869. Neither specific nor general personal jurisdiction exists over Astrophysics here.

### 1.   <u>Astrophysics is not subject to general jurisdiction in Texas</u>

The exercise of general jurisdiction over a foreign corporation is appropriate only "when the corporation's affiliations with the State in which suit is brought are so constant and pervasive as to render [it] essentially at home in the forum State." *Daimler AG*, 134 S.Ct. at 751. In this regard, even "continuous activity of some sort within a state is not enough to support the demand that the corporation be amenable to suits unrelated to that activity." *Id.* (quoting *Intern'l Shoe Co. v. Washington*, 326 U.S. 310 (1945)). General jurisdiction is normally limited to the place of incorporation and principal place of business, and a formulation that subjects a corporation to general jurisdiction in every

state where it "engages in a substantial, continuous, and systematic course of business" is "unacceptably grasping." *Id.* at 761.

In this case, there is no basis for asserting general jurisdiction over Astrophysics in Texas. Menzies-US and Menzies-Colombia concede the point by not even asserting it. [Doc. 1, ¶ 7.] Astrophysics does not have the sort of substantial, continuous and systematic contacts with Texas necessary to confer general jurisdiction over it. [Price Dec. ¶ 7.]

### 2. Astrophysics is not subject to specific jurisdiction in Texas

To establish specific jurisdiction, Menzies-US and Menzies-Colombia must show that: (1) Astrophysics has minimum contacts with Texas; (2) Menzies-US' and Menzies-Colombia's causes of action arise out of or results from Astrophysics' forum-related contacts; and (3) the exercise of personal jurisdiction is fair and reasonable. *McFadin v. Gerber*, 587 F.3d 753, 760 (5th Cir. 2009). The touchstone of the minimum contacts inquiry is "whether the defendant's conduct shows that it reasonably anticipates being haled into court." *Id.* In this regard, the defendant "must not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or third person.'" *Id.* (quoting *Electrosource, Inc. v. Horizon Battery Techs., Ltd.*, 176 F.3d 867, 871-72 (5th Cir. 1999)).

In this case, Menzies-US and Menzies-Colombia cannot show minimum contacts between Astrophysics and Texas, or that its causes of action arise from such contacts. Specifically, their claims against Astrophysics are based the Machines' alleged non-compliance with the Purchase Order. [*See, e.g.*, Doc. 1, ¶ 19-24.] But none of the

"underlying activities giving rise" to those claims has any connection to Texas. [Price Dec. ¶ 3-6, Exs. 1-3.] Indeed, the only Texas connection is Menzies-US' presence here. Even if Menzies-US were a party to the Purchase Order (it is not), that is insufficient to establish the minimum contacts because simply contracting with a Texas resident is insufficient to establish jurisdiction. *McFadin*, 587 F.3d at 760. As the Fifth Circuit explained:

> It is clearly established that "merely contracting with a resident of the forum state does not establish minimum contacts." Jurisdiction must not be based on the fortuity of one party residing in the forum state. The McFadins rely on the fact that the contract created a ten-year sales representation relationship between the parties and that there were significant communications—including sales orders and commission payments—between Grenemyer in Colorado and the McFadins in Texas. In addition, the McFadins point to the sales by Grenemyer to Texas residents. These contacts are insufficient.

*McFadin*, 587 F.3d at 760.

More importantly, however, Menzies-US' and Menzies-Colombia's allegation that Astrophysics contracted with a Texas resident is demonstrably untrue. [Price Dec. ¶ 3-5, Exs. 1-3.] Further, nothing about the Machines is centered in or occurred in Texas—the contracting, assembly, delivery, installation, or operation all occurred in California and/or Mexico and Colombia. [Price Dec. ¶ 2-6.] Astrophysics does not have minimum contacts with Texas, and, even if it did, this litigation does not arise out of any such contact. Accordingly, Astrophysics is not subject to specific jurisdiction in Texas.

B. **No Subject Matter Jurisdiction**

Because Astrophysics and Menzies-US are both citizens of Delaware, Doc. 1, ¶ 3-4; Price Dec. ¶ 2; Exhibit 2, there is not complete diversity of citizenship. This Court therefore lacks subject matter jurisdiction under 28 U.S.C. § 1332. Even if this issue were cured by Menzies-US' removal as a party-plaintiff, leaving only Menzies-Colombia and Astrophysics, the Court lacks personal jurisdiction over Astrophysics.

V. **CONCLUSION**

In view of the foregoing, Astrophysics respectfully requests that the Court enter an order dismissing it from this litigation.

Dated: March 5, 2024

Respectfully submitted,

By: */s/ Amanda Sotak*
    Amanda Sotak
    Texas Bar No. 24037530
    amanda.sotak@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (Fax)

**ATTORNEYS FOR ASTROPHYSICS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2024, a true and correct copy of the above and foregoing document has been served electronically using the CM/ECF system, which will subsequently send copies to all counsel of record registered to accept electronic service in this matter.

*/s/ Amanda Sotak*
Amanda Sotak